# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Max Reed, II, | Case No.: 2:22-cv-01763-APG-EJY |
| Petitioner | **Order Denying Motion to Amend Petition, Denying Motion for Clarification, and Closing Case** |
| v. | |
| State of Nevada, *et al.*, | |
| Respondents | |

The Ninth Circuit Court of Appeals vacated the order dismissing Max Reed, II's habeas corpus petition pursuant to *Goodrum v. Busby*, 824 F.3d 1188, 1194 (9th Cir. 2016). *See* ECF No. 23. The appellate court remanded the case to this court and stated that it expressed no opinion as to how the district court should construe Reed's filing. I now construe the filing as a motion to amend Reed's earlier-filed 28 U.S.C. § 2254 habeas petition. Because amendment would be futile, I deny the motion. I also deny his motion for clarification.

Reed originally submitted what he styled as a notice of constitutional challenge, arguing that the way he was charged under Nevada's murder statutes violated his constitutional rights. ECF No. 13. This "notice" actually alleges that his conviction or sentence violates his federal constitutional rights, so I construed it as a petition for writ of habeas corpus brought under 28 U.S.C. § 2254.[1] Now that this case has been remanded, Reed filed a motion for clarification, asking this court to interpret his filing as an action seeking declaratory judgment. ECF No. 24. This is unavailing; the gravamen of Reed's pleading is a challenge to the felony-murder statute—

---

[1] Section 2254 states that a federal district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

his allegation that he was convicted of first-degree murder based on aiding and abetting a robbery or attempted robbery in violation of his constitutional rights. Such a claim implicates his rights under 28 U.S.C. § 2254. So I deny the motion for clarification.

Turning to the issue of amendment, Reed already has a § 2254 habeas corpus petition pending before this court challenging the same judgment of conviction. *See* Case No. 2:17-cv-00648-RFB-NJK ("2017 petition"). Thus I construe this later-filed *pro se* habeas petition as a motion to amend the 2017 petition. *Woods v. Carey*, 525 F.3d 886 (9th Cir. 2008). Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal quotations omitted). Although leave to amend is within the discretion of the district court, the decision "should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings." *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (internal quotations omitted). When deciding whether to grant leave, a court may "take into consideration such factors as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Id*. Futility of amendment can alone justify denying a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

I conclude that permitting Reed to further amend his 2017 petition would be an exercise in futility. The court lifted the stay of that case in April 2024, and Reed's counsel, the Federal Public Defender, has filed a 75-page second-amended petition. First, the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") had long run

before Reed filed the instant motion to amend in October 2022.[2] Second, a federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). Reed did not raise the claim that he was charged and convicted of first-degree murder based on aiding and abetting a robbery or attempted robbery in violation of his constitutional rights to the state appellate courts. *See* Case No. 2:17-cv-00648-RFB-NJK, Exh. 275, ECF No. 51-10; Exh. 284, ECF No. 51-19. So the proposed claim is unexhausted. Third, if Reed attempted to return to state court yet again to present this claim, the state appellate courts would apply the mandatory bars and dismiss the habeas petition as procedurally barred because it was untimely, second and successive, and an abuse of the writ. NRS 34.726, 34.810. Finally, the United States Supreme Court has held "[t]hat States have authority to make aiders and abettors equally responsible, as a matter of law, with principals, or to enact felony-murder statutes is beyond constitutional challenge." *Lockett v. Ohio*, 438 U.S. 586 (1978). Thus, Reed's proposed claim would also fail on the merits. I therefore deny the motion to amend.

---

[2] AEDPA imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).

I THEREFORE ORDER that the petition (ECF No. 13) is construed as a motion to amend the 2017 petition and is DENIED.

I FURTHER ORDER that the motion for clarification is DENIED.

I FURTHER ORDER that a certificate of appealability will not issue.

I FURTHER ORDER that the Clerk Of Court enter judgment accordingly and close this case.

DATED this 28th day of May, 2024.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE